**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-338-DLB**

**ARIADNA RAMOS BELLO** **PETITIONER**

**v.** **MEMORANDUM OPINION AND ORDER**

**DIRECTOR BOONE COUNTY JAIL, et al.** **RESPONDENTS**

* * * * * * * * * * *

## I. INTRODUCTION

This matter is before the Court on Petitioner Ariadna Ramos Bello's Petition for Writ of Habeas Corpus (Doc. # 1). For the following reasons, the Court will **deny** the Petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Luis Alberto Hernandez Guiterrez is a native and citizen of Cuba. (Doc. # 1 at 2). She entered the United States without inspection on September 14, 2022. (Doc. # 1-2 at 8). On September 15, 2025, Petitioner was arrested by the Kentucky State Police and charged with Trafficking in Marijuana less than five pounds and Cultivation of Marijuana five or more plants. (*Id.*). These charges were dismissed on December 15, 2025 (*Id.* at 3).

On May 4, 2026, Petitioner was ordered removed by an Immigration Judge. (Doc. # 1 at 2). A quick look at the Executive Office for Immigration Review's ("EOIR") Automated Case Information shows that no appeal was received. Executive Office for

Immigration Review, *Automated Case Information*, https://acis.eoir.justice.gov/en/caseInformation (last visited August 18, 2026).

On August 11, 2026, Ramos Bello filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1). In her Petition, Ramos Bello seeks immediate release or release under the Alternative to Detention program. (Doc. # 1 at 5). On August 12, 2026 this Court issued an Order directing Respondents to respond. (Doc. # 3). In their Response, Respondents argue that because Petitioner is subject to a final order of removal, she is mandatorily detained under 8 U.S.C. § 1231. (Doc. # 4 at 2).

**III. ANALYSIS**

In this case, unlike many of the other recent habeas petitioners, Ms. Ramos Bello is subject to a final order of removal. *See* 8 C.F.R. 1241.1(b) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon expiration of the time allotted for an appeal if the [Petitioner] does not file an appeal within that time."). Because Petitioner is subject to a final order of removal, her present detention is governed by 8 U.S.C. § 1231. *See Zadvydas v. Davis*, 533 U.S. 678, 682 (2001) (noting that § 1231 applies after the entry of a final order of removal); *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022) ("The section at issue here, 8 U.S.C. § 1231(a), governs the detention, release, and removal of individuals 'ordered removed.'"); *Martinez v. Larose*, 968 F.3d 555, 560 (6th Cir. 2020) (observing that § 1231(a) applies to aliens who "ha[ve] already been adjudged to be removable.") (citation omitted).

Pursuant to § 1231, once an alien is subject to a final order of removal, "DHS must physically remove him from the United States within a 90-day 'removal period.'" *Johnson v. Guzman Chavez*, 594 U.S. 532, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). During this period, detention is mandatory. 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General *shall* detain the alien.") (emphasis added); *see also Zadvydas*, 533 U.S. at 683 ("After entry of a final removal order and during the 90-day removal period, however, aliens must be held in custody." (citing § 1231(a)(2))). In the event DHS does not remove the noncitizen within the ninety-day period, the Supreme Court in *Zadvydas* determined that DHS may continue to detain the noncitizen but only for a period "reasonably necessary to bring about that alien's removal from the United States." *Id*. at 689. The Supreme Court concluded that six months is a period that is reasonably necessary to bring about the alien's removal. *Id*. at 701. Once the six-month period has passed and "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*.

Here, Petitioner was ordered removed on May 4, 2026. (Doc. # 1 at 1); *see also* EOIR, *Automated Case Information*, https://acis.eoir.justice.gov/en/caseInformation (last visited July 18, 2026). Pursuant to 8 C.F.R. § 1003.39, "the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first." A notice of appeal "must be filed no later than 30 calendar days after the Immigration Judge renders an oral decision or mails a written decision." EOIR, *Board Practice Manual, Appeal Deadlines,* https://www.justice.gov/eoir/policy-manual-eoir/part-III/bia/chapter-3-5 (last visited,

August 18, 2026). Therefore, in this case Petitioner's appeal would have been due June 3, 2026. Petitioner acknowledges that the order of removal "was not appealed." (Doc. # 1 at 1). Accordingly, Petitioner's order of removal was final on June 3, 2026, when the thirty-day appeal period expired.

As of the date of this Order, Petitioner has been detained pursuant to her final order of removal for approximately seventy-six days. Meaning that pursuant to § 1231(a)(1)(A), DHS has fourteen more days to remove her. Moreover, pursuant to *Zadvydas*, even if the ninety days had passed, Petitioner's detention would still be presumptively reasonable for up to six months.

Because Petitioner is subject to a final order of removal, she must be detained pursuant to § 1231(a)(2). This Court cannot circumvent that requirement. Nor does it have jurisdiction to review the final order of removal. *See* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General[.]"). Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Ramos Bello's Petition (Doc. # 1) is **DENIED**.

**IT IS FURTHER ORDERED** this matter is hereby **DISMISSED** and **STRICKEN** from the Court's active docket.

This 19th day of August, 2026.

**Signed By:**

***David L. Bunning*** DB

**Chief United States District Judge**